IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD A. YEAGER AND DEANA J. YEAGER, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 1:17-CV-574-WKW |
| v. | ) ) ) | [WO] |
| OCWEN LOAN SERVICING, LLC, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss (Doc. # 12), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Richard A. Yeager and Deana J. Yeager ("the Yeagers") filed a response in opposition to the motion (Doc. # 16), and Ocwen filed a reply. (Doc. # 21.) After careful consideration of the arguments of counsel, the relevant law, and the pertinent facts as pleaded in the complaint, the court finds that the Motion to Dismiss is due to be granted in part and denied in part.

### **I. JURISDICTION AND VENUE**

Subject-matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1367. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard articulated by Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). However, the court need not accept mere legal conclusions as true. *Id.* at 1325.

To survive a 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, notwithstanding the alleged facts, Rule 12(b)(6) "[d]ismissal is . . . permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (quoting *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174

(11th Cir. 1993)); *see also Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (explaining that Rule 12(b)(6) allows a court "to dismiss a claim on the basis of a dispositive issue of law").

### III. FACTS AND PROCEDURAL HISTORY

This action has its roots in a 1998 home mortgage that the Yeagers obtained to finance the purchase of their home. Ocwen argues that preceding litigation bars the instant action.

A. <u>**The Yeagers' loan, bankruptcy, and dispute regarding collections**</u>

In February 1998, the Yeagers obtained a mortgage to finance the purchase of their home. Following financial difficulties, the Yeagers filed for Chapter 13 bankruptcy in June 2003. Following bankruptcy proceedings and making payments on their debt, the Yeagers completed their Chapter 13 plan and received a discharge in November 2007. Rather than marking the conclusion of proceedings related to that loan, the discharge only prompted the beginning of extended frustration and litigation between the Yeagers and several debt servicing companies.

In late 2012, Ocwen acquired Homeward Residential Holdings, Inc., and the acquisition included servicing rights to the Yeagers' loan. The Yeagers' loan was transferred to Ocwen in March 2013, and shortly thereafter, Ocwen contacted the Yeagers for the first time. Beginning in March 2013, Ocwen "treated [the Yeagers' loan] as if it were in default." (Doc. # 1, at 4.) This treatment included a series of

letters and phone calls that the Yeagers allege violate various laws and common law rights.

As they had done with previous loan servicing providers, the Yeagers sent Ocwen a letter setting out the history of the loan and asking Ocwen to correct their account balance. Ocwen continued calling the Yeagers' landline and cellular phones "hundreds" of times, (Doc. # 1, at 8), and continued, at the time of the filing of the complaint, to report negative information to credit reporting agencies. (Doc. # 1, at 6.) Additionally, Ocwen failed to investigate and correct the Yeagers' loan balance information, despite the Yeagers requesting such an investigation—in writing—at least five different times. (Doc. # 1, at 12.)

**B.** *Yeager I*

Though mention of the suit is curiously absent from the Yeagers' complaint, the Yeagers previously sued Ocwen in 2014, culminating in *Yeager v. Ocwen Loan Servicing, LLC*, 237 F. Supp. 3d 1211 (M.D. Ala. 2017) [*Yeager I*]. There, the Yeagers sued Ocwen regarding the same loan and about some of the same behavior—letters that Ocwen sent regarding collections on an already-paid loan. Under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*, the Yeagers alleged that Ocwen failed to provide appropriate notice of debt validation by the deadline provided by the statute. Specifically, the Yeagers claimed

that Ocwen failed to include various notices about disputing the validity of the debt until 13 days after the statutory deadline. *Yeager I*, 237 F. Supp. 3d at 1215.

After nearly three years of litigation—including three motions to dismiss, three magistrate judge recommendations, and three rulings on those recommendations—the court granted Ocwen's renewed motion to dismiss on the ground that the Yeagers lacked standing. Relying on the United States Supreme Court's recent decision in *Spokeo Inc. v. Robins*, 136 S. Ct. 1540 (2016), Judge Thompson found that the Yeagers "allege[d] merely a procedural violation" that lacked a "'degree of risk sufficient to meet the concreteness requirement.'" *Yeager I* at 1217 (quoting *Spokeo*, 136 S. Ct. at 1550). At oral argument, the court asked whether, if allowed to amend their complaint, the Yeagers could identify any harm or material risk of harm that accompanied the procedural violation; they indicated that they could not. Accordingly, the court found that the Yeagers lacked Article III standing and granted Ocwen's motion for judgment on the pleadings. *Id.* at 1218. The Yeagers later filed an appeal, which they dismissed voluntarily on April 4, 2017. *See Yeager I* (Doc. # 76).

## C. *Yeager II*

Following the dismissal of *Yeager I*, the Yeagers filed their complaint in the instant action on August 28, 2017, (Doc. # 1), again alleging claims under the FDCPA, but also including claims under the Telephone Consumer Protection Act

("TCPA") and the Real Estate Settlement Procedures Act ("RESPA"), as well as common law claims for invasion of privacy and breach of contract. These claims are related to Ocwen's servicing of the same loan that was the subject of the dispute in *Yeager I*. Ocwen filed a Motion to Dismiss on October 20, 2017, alleging that all of the Yeagers' claims are due to be dismissed as barred by *res judicata* and, in the alternative, that Counts II, III, IV, and V are otherwise due to be dismissed as untimely or because they fail to state a claim on which relief can be granted. (Doc. # 12.)

The Yeagers filed a Response, (Doc. # 16), and Ocwen filed a Reply. (Doc. # 21.)

## IV. DISCUSSION

**A.** *Res Judicata*

Ocwen's primary argument is that all of the Yeagers' claims are due to be dismissed because they are barred by the doctrine of *res judicata*. *Res judicata*—more precisely known as claim preclusion—"bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). In order for claim preclusion to bar a lawsuit, four elements must be satisfied: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both

suits; and (4) the same cause of action must be involved both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). "If even one of these elements is missing, res judicata is inapplicable." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

Here, the Yeagers do not contest that the third and fourth of these elements are satisfied. Instead, the parties dispute whether some combination of the first two elements is satisfied, but the principal arguments focus on the first element. Specifically, the parties contest whether *Yeager I* has preclusive effect when it was dismissed for want of standing. The Yeagers argue that a dismissal for lack of standing is jurisdictional in nature and that such a dismissal is not "on the merits" for the purposes of claim preclusion. Ocwen disagrees. Because the Yeagers are correct about the first element, the court need not address any other element.

"Any dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The question, then, is whether a dismissal for lack of Article III standing is a dismissal for lack of jurisdiction; if it is, it is not "on the merits" and therefore lacks preclusive effect. Standing is, in fact, jurisdictional in nature. "'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction' . . . [, and it] is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v.*

*Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)). Therefore, *Yeager I* "does not preclude a second action on the same claim," and no part of the instant action is barred by *res judicata*. *See* 18A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 4436 (2d ed. Dec. 2017 update).

**B.** **Statute of Limitations**

Ocwen also argues that Counts II, III, and IV are due to be dismissed as time-barred. The argument with respect to each count will be addressed in turn.

**1.** *Count II (Invasion of Privacy)*

Under Alabama law, a claim for invasion of privacy must be brought within two years of the conduct on which the claim is based. Ala. Code § 6-2-39(l); *see Shows v. Morgan*, 40 F. Supp. 2d 1345, 1363 (M.D. Ala. 1999). In their complaint, filed on August 28, 2017, the Yeagers allege that Ocwen's unlawful conduct occurred within four years of the time of filing. (Doc. # 1, at 5–6.) In response, Ocwen cites the two-year statute of limitations and argues that the Yeagers cannot argue that any allegedly unlawful conduct occurred within the two years preceding the time of filing because, in fact, none did. The Yeagers argue against the dismissal of this count on the ground that "there is no evidence regarding the time period that Ocwen called" them, so they should be permitted discovery to find such evidence. (*See* Doc. # 16, at 14.)

8

Reading the complaint in the light most favorable to the Yeagers, as the court must, Ocwen has not established that this count is due to be dismissed on statute-of-limitations grounds. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding that dismissal on statute-of-limitations grounds is "appropriate only if it is apparent from the face of the complaint that the claim is time-barred") (citation omitted). Based on the Yeagers' complaint, it is not apparent that no invasion of privacy occurred within two years of the time of filing. As pleaded in the Yeagers' complaint, Ocwen's alleged conduct—repeated, unlawful telephone calls—took place within four years of August 28, 2017, and, logically, such an action also may have occurred within two years of that date.

However, the Yeagers "may not avoid the statute of limitations by vaguely pleading when the" allegedly unlawful conduct occurred. *Allstate Ins. Co. v. Country Club Apartments*, No. 11-61907-CIV, 2012 WL 13008297, at *3 (S.D. Fla. Jan. 13, 2012). To survive a motion to dismiss, the Yeagers' "complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* General, overbroad allegations are insufficient to state a claim.

Accordingly, the Yeagers will be permitted to amend their complaint to revise the period in which Ocwen's allegedly unlawful conduct occurred if "the factual contentions have evidentiary support" or if the Yeagers specifically identify why the claim "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Fed. R. Civ. P. 11. If applicable, Ocwen may then reassert its statute-of-limitations defense on this count.

### 2. *Count III (RESPA)*

Under Count III, the Yeagers allege that Ocwen violated RESPA by failing to respond to five letters sent on April 16, 2013, September 7, 2013, January 7, 2014, March 18, 2014, and March 27, 2015. (Doc. # 1, at 12.) Specifically, the Yeagers claim that they sent letters that constituted both "qualified written requests" and "notices of servicing error" within the meaning of 12 U.S.C. § 2605(e) and its implementing regulations, 12 C.F.R. § 1024 *et. seq.*, also known as "Regulation X." RESPA contains a three-year statute of limitations. 12 U.S.C. § 2614. Because this action was filed on August 28, 2017, actions related to the first four of these letters are time-barred as outside the three-year statute of limitations.

Accordingly, as it relates to the first four letters, Count III is due to be dismissed on statute-of-limitations grounds. The claim that relates to the letter sent on March 27, 2015, survives.

3. *Count IV (FDCPA)*

Under Count IV, the Yeagers allege that Ocwen violated the FDCPA, 15 U.S.C. § 1692f, by sending monthly account statements that represented that the Yeagers owed amounts that had previously been discharged in bankruptcy. In their Complaint, the Yeagers allege that Ocwen has sent such statements within one year of the time of filing, satisfying the one-year statute of limitations for FDCPA claims. 15 U.S.C. § 1692k(d); *see Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995).

Notwithstanding the fact that the allegedly violative letter was sent within one year of the filing of the complaint, Ocwen argues that the FDCPA claim is due to be dismissed on statute-of-limitations grounds because the correspondence is related to a debt that accrued much more than one year before the time of filing. (*See* Doc. # 12, at 12–13.) Specifically, Ocwen relies on the following language from a recommendation of the bankruptcy court that this court adopted: "'[W]here statements concerning the status of a debt are new communications concerning an old claim, the statements do not start a fresh statute of limitations period.'" *In re Williams*, No. 10-31037-DHW, 2015 WL 3429365, at *2 (Bankr. M.D. Ala. Apr. 2, 2015) (quoting *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1310 (S.D.

11

Fla. Oct. 15, 2009)), *report and recommendation adopted sub nom. Williams v. Resurgent Capital Servs., L.P.*, No. 2:15-CV-254-WKW, 2015 WL 3440321 (M.D. Ala. May 28, 2015) (Watkins, J.). While the cited language, without context, lends support to Ocwen's position, a closer examination reveals that it does not stand for the proposition that Ocwen is free to continue violating the FDCPA with impunity because it is alleged to have begun its violations long ago.

In *Williams*, the plaintiff filed an adversary proceeding that alleged that the defendant violated the FDCPA by filing a time-barred proof of claim in the underlying bankruptcy case. *Id.* at *1. The plaintiff argued that for statute of limitations purposes, "the violation continues to occur for so long as the claim is allowed." *Id.* In fact, the plaintiff could "not point to any single offending act committed by the Defendant" within the statute of limitations period. *Id.* The plaintiff was not, as in the instant case, attempting to sue for a new, discrete violation—instead, the plaintiff in *Williams* was suing based on the continuing violation of the defendant failing to withdraw its proof of claim. There, the statute of limitations began to run when the potentially violative proof of claim was filed; it did not begin again every day the defendant failed to withdraw the proof of claim. Against this backdrop, the court in *Williams* quoted *Reese v. JPMorgan Chase* for the proposition that "where statements concerning the status of a debt are new communications concerning an old claim, the statements do not start a fresh statute

of limitations period," *id.* at *2, an idea that the *Reese* court borrowed from a federal district court in Minnesota. *Reese*, 686 F. Supp. 2d at 1310; *see Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007).

Though the Eleventh Circuit has not addressed this issue, the Eighth Circuit recently disavowed *Nutter*, the case (indirectly) relied on by Ocwen for the argument that the Yeagers' claim is barred by the FDCPA's one-year statute of limitations. *See Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017). In doing so, it explained why Ocwen's argument fails:

> If a debt collector violates the FDCPA, an individual may sue to enforce FDCPA liability within one year of that violation. It does not matter that the debt collector's violation restates earlier assertions—if the plaintiff sues within one year of the violation, it is not barred by § 1692k(d). Each alleged violation of the FDCPA is "evaluate[d] . . . individually to determine whether any portion of" the "claim is not barred by the statute of limitations." *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1188 (10th Cir. 2013). *Accord Solomon v. HSBC Mortg. Corp.*, 395 Fed. Appx. 494, 497 (10th Cir. 2010) ("The FDCPA's comprehensive scheme makes many debt-collecting maneuvers actionable. Thus, separate communications can create separate causes of action arising from collection of a single debt." (footnote omitted)); *id.* ("For statute-of-limitations purposes, discrete violations of the FDCPA should be analyzed on an individual basis."); *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 301-02 & n.3 (6th Cir. 2008) (rejecting argument that "all the FDCPA claims were time barred because the violations *first* occurred outside the limitations period."). As the Tenth Circuit points out, "Any other rule would immunize debt collectors from later wrongdoing." *Solomon*, 395 Fed. Appx. at 497 n.3.

*Id.* The same logic applies here: Though Ocwen's most recent alleged FDCPA violation relates to a debt that originated long outside the FDCPA's one-year statute

13

of limitations, the allegedly violative conduct—sending a letter to the Yeagers in violation of 15 U.S.C. § 1692f—occurred well within the one-year statute of limitations. *See Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (permitting claims over "non-time-barred letters" while dismissing claims relating to earlier-sent letters); *Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d 1240, 1247 (M.D. Fla. 2016) ("In this case, therefore, because Plaintiff has alleged several discrete violations within the limitations period, the [c]ourt will not render the entire FCCPA[1] to be time-barred.").

Accordingly, the claims relating to letters sent within one year of the filing of this complaint survive.

### 4. *Count V (Breach of Contract)*

Next, Ocwen argues that the Yeagers' breach of contract claim is due to be dismissed as outside the six-year statute of limitations for such a claim. *See* Ala. Code § 6-2-34; *Casassa v. Liberty Life Ins. Co.*, 949 F. Supp. 825, 831 (M.D. Ala. 1996). "[T]he statute of limitations on a contract action runs from the time a breach occurs rather than from the time actual damage is sustained." *AC, Inc. v. Baker*, 622 So. 2d 331, 335 (Ala. 1993). Because the alleged breach here—breaching the terms of the Yeagers' note and mortgage—began in 2008, it appears that the action is time-

---

[1] The FCCPA is Florida's state-law analogue to the FDCPA, and Florida courts give "due consideration and great weight" to FDCPA jurisprudence when interpreting the FCCPA. Fla. Stat. § 559.77(5); *see Harrington*, 163 F. Supp. 3d at 1246 & n.3.

barred.  Additionally, Ocwen argues that because it (as well as its predecessors) was merely the loan servicer, it cannot be held liable for any alleged breach of the mortgage and note because "a loan servicer is generally not considered a party to a mortgage note," *Phillips v. Ocwen Loan Servicing, LLC*, 92 F. Supp. 3d 1255, 1289 (N.D. Ga. 2015), and under Alabama law, a non-party to a contract cannot be held liable for its breach.  *See Pata v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 343 (Ala. 1993).

In response to one or both of these arguments, the Yeagers "concede that as currently framed this count should be dismissed without prejudice."  (Doc. # 16, at 14.)  The court will construe the Yeagers' Response as to Count V as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result."  *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis in original).  Though Ocwen does not claim that it will suffer any legal prejudice, it argues, without citation to relevant authority, that Count V should be dismissed *with* prejudice because the Yeagers could not cure Count V's deficiencies by amending their complaint.

Because Ocwen has not demonstrated that it will suffer any "clear legal prejudice," *id.* at 857, by dismissing Count V without prejudice, the Yeagers' motion

15

for voluntary dismissal is due to be granted, and Count V is due to be dismissed without prejudice.

C. **<u>Failure to State a Claim as to Count III</u>**

Finally, Ocwen argues that the Yeagers' complaint fails to state a claim as to Count III. Because the claims that relate to the April 2013, September 2013, January 2014, and March 2014 letters are due to be dismissed on statute-of-limitations grounds, the only remaining claim under Count III relates to the letter sent on March 27, 2015. The March 27 letter is a "qualified written request" to which Ocwen allegedly failed to respond in violation of 12 C.F.R. § 1024.36, one of RESPA's implementing regulations. Ocwen argues that the count fails to state a claim based on this letter as a matter of law because the regulation does not require it to respond to the letter because the "information requested is substantially the same as information previously requested by the borrower." 12 C.F.R. § 1024.36(f)(1)(i).

Ocwen conveniently[2] omits the next clause in the very same sentence it cites. In full, the provision reads:

> (f) Requirements not applicable.
>
> (1) In general. A servicer is not required to comply with the requirements of paragraphs (c) and (d) of this section [setting out requirements for responding to an information request] if the servicer reasonably determines that any of the following apply:
>
> (i) Duplicative information. The information requested is substantially

---

[2] The court assumes that Ocwen's omission was not due to a lack of candor.

16

the same as information previously requested by the borrower **for which the servicer has previously complied with its obligation to respond pursuant to paragraphs (c) and (d) of this section.**

12 C.F.R. § 1024.36(f)(1)(i) (emphasis added). Here, the Yeagers expressly argue that Ocwen has not complied with the provisions that require it to respond to the Yeagers' request for information; in fact, that is the very basis for this claim. In their complaint, the Yeagers allege that Ocwen failed "to respond to Plaintiff's [qualified written request] and [notice of error] as required" under RESPA and Regulation X. (Doc. # 1, at 12.) Ocwen argues that the Yeagers improperly label the letters as "notices of error" when they are, in fact, "qualified written requests," and this misstep dooms the claim to be dismissed as a matter of law. (*See* Doc. # 21, at 6–7.) There is no basis for this argument. While these two instruments are distinct, they contain similar provisions. The provision relevant here—that the servicer need not respond to duplicative requests provided that the servicer has already responded appropriately—exists in the regulations relevant to each instrument. *Compare* 12 C.F.R. § 1024.36(f)(1)(i) *with* 12 C.F.R. § 1025.35(g)(1)(i).

The Yeagers say that Ocwen failed to appropriately respond to a qualified written request as required by RESPA. When the complaint is viewed in the light most favorable to the Yeagers, this allegation does not fail as a matter of law. Accordingly, Ocwen's motion to dismiss as it relates to the Yeagers' letter dated March 27, 2015, is due to be denied.

# V. CONCLUSION

Accordingly, it is ORDERED that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (Doc. # 12) is GRANTED with respect to claims relating to the April 2013, September 2013, January 2014, and March 2014 letters under Count III; and GRANTED as to Count II, though the Yeagers are GRANTED leave to replead Count II. The Yeagers shall file an Amended Complaint in compliance with the directives in this order no later than **March 14, 2018**; otherwise Count II will be dismissed with prejudice. Ocwen's Motion to Dismiss (Doc. # 12) is DENIED with respect to all other claims.

It is further ORDERED that the Yeagers' Response (Doc. # 16) is CONSTRUED as containing a Motion for Voluntary Dismissal of Count V under Federal Rule of Civil Procedure 41(a)(2) and that the motion is GRANTED. Accordingly, Count V is DISMISSED without prejudice.

DONE this 21st day of February, 2018.

                                                  /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE